816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sabah SENAWI, Defendant-Appellant.
 No. 86-1578.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before MARTIN, WELLFORD, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sabah Senawi was found guilty by a jury of arson. He appeals and argues it was error to have denied his motion for an evidentiary hearing to determine whether extrinsic evidence was introduced into the jury's deliberations. The district court had refused the request because it thought that no extrinsic evidence had been introduced and that, even if it had, it was not prejudicial to Senawi. We affirm.
 
 
 2
 At trial Senawi's counsel introduced into evidence a ceiling tile from the burned building and asked a witness how quickly the tiles would burn. He then sought to demonstrate to the jury that the tile would burn, but the witness maintained that the experiment would not prove anything because the conditions of the experiment would not simulate those of the actual fire. Senawi's counsel then decided not to perform the demonstration. Apparently during its deliberations, however, the jury tried the experiment.
 
 
 3
 Shortly after the verdict, Senawi filed a motion for an evidentiary hearing, alleging that the jury had improperly conducted an experiment during deliberations by attempting to burn the ceiling tile. He claimed that the jury's experiment had deprived him of his right to confrontation and his right of crossexamination with respect to the evidence resulting from the experiment.
 
 
 4
 In United States v. Griffith, 756 F.2d 1244, 1251-52 (6th Cir. 1985), we described the legal rules that govern a situation such as this where the jury might have been exposed to extraneous evidence. The court should first determine whether the extrinsic evidence resulted in "actual prejudice" to the defendant. "After the judge makes the required investigation, the decision whether to grant a new trial should be reviewed only for abuse of discretion." Id. at 1252 (citations omitted).
 
 
 5
 In this case, we think that the district court may have erred but that the error, if any, does not warrant a reversal. The appropriate procedure would have been to conduct a hearing based upon the filing of an affidavit by counsel to determine if extrinsic evidence was introduced, but defense counsel here failed to advise the district court sufficiently of any prejudice, and failed to show that the jury, in fact, conducted an experiment which he himself may have encouraged during his cross examination of Mr. McClary. Moreover, our independent review of the record indicates that even if the jury did conduct the experiment and this may have involved introduction of extraneous evidence, that evidence was harmless; Senawi's own witness explained that the experiment would not simulate the actual circumstances of the fire and would thus prove nothing. In any event, we cannot say that the district court abused it discretion in denying a mistrial for lack of prejudice to Senawi. We find no other error in respect of the trial of Senawi.
 
 
 6
 The judgment of the district court is affirmed.